IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO FARIAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2614 |
| | § | |
| JEFF HARTSOCK, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Federal inmate Alberto Farias filed this *pro se* civil rights lawsuit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that, on August 24, 2007, Houston federal DEA agents used excessive force in arresting him in Houston, Texas. He asserts that he was hit on the head and his face banged against a wall, and seeks an award of monetary damages.

Because there is no federal statute of limitations for *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). In Texas, the relevant statute of limitations is two years. *See Cooper v. Brookshire*, 70 F.3d 377, 380 n. 20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE § 16.003(a). Although the Texas limitations period applies, federal law governs to determine when a *Bivens* claim accrues. *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim accrues and limitations begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient

information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Thus, plaintiff's cause of action accrued on August 24, 2007, the date of the alleged use of excessive force and resulting injuries. *See Spotts v. U.S.*, __F.3d __, No. 09-41039 (5th Cir. Aug. 16, 2010).

Because plaintiff's complaint shows on its face that it is barred by limitations, the Court ordered plaintiff to show cause why the case should not be dismissed as barred by limitations. In his one-page response to the show cause order, plaintiff argues that, while he knew one or more of the Houston Field Office DEA agents had injured him on August 24, 2007, he did not know the *names* of the agents. However, plaintiff offers this Court no facts explaining his efforts, if any, to discover the agents' names, the date he discovered the names, or why he was unable to sue those defendants who were known to him then undertake discovery to identify the unknown individuals. In short, plaintiff provides this Court no facts allowing it to apply any state tolling provision that may be available under the circumstances.

Based on the record, the pleadings, and the applicable law, the Court DISMISSES this lawsuit as barred by limitations. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to plaintiff.

Signed at Houston, Texas, on August 23, 2010.

_____
Gray H. Miller
United States District Judge